IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

RUFUS WILLIAMS,

Petitioner,

OPINION AND ORDER

v.

25-cv-374-wmc

WARDEN E. EMMERICH,[1]

Respondent.

---

Petitioner Rufus Williams, who is representing himself while incarcerated by the United States Bureau of Prisons ("BOP"), seeks a writ of habeas corpus under 28 U.S.C. § 2241 to challenge the calculation of his sentence. (Dkt. #1.) Specifically, petitioner contends that he has been wrongly denied earned time credits under the First Step Act, 18 U.S.C. § 3632(d)(4)(A), which would shorten the length of his imprisonment. He has filed several supplements and exhibits in support of his request for relief. (Dkts. #4, ##6-8, #13, #16.) Respondent contends that the petition must be denied because petitioner is not entitled to the relief he seeks. (Dkt. #9.) The court agrees and, for reasons explained below, the petition will be denied, and this case will be dismissed.

---

[1] At the time he filed this action, petitioner was confined at the Federal Correctional Institution in Oxford, Wisconsin, where E. Emmerich is the warden. Although petitioner has been transferred elsewhere since then, this court retains jurisdiction. *See In re Hall*, 988 F.3d 376, 377 (7th Cir. 2021) ("[A] prisoner's transfer from one federal facility to another during the pendency of a habeas corpus proceeding does not affect the original district court's jurisdiction.").

## BACKGROUND

Petitioner was convicted of conspiracy to distribute and possession with intent to distribute controlled substances in *United States v. Williams*, Case No. 3:19-CR-00804-05 (D.N.J.). (Dkt. #8-7, at 1.) He was also convicted of unlawful possession of a firearm as a felon in that case. (*Id.*) On September 12, 2023, petitioner was sentenced to a total of 180 months' imprisonment. (*Id.*) His projected release date is February 7, 2032.

Petitioner does not challenge his underlying conviction or the validity of his sentence. Instead, petitioner argues that he would be entitled to expedited release if the BOP recalculated his sentence to include time credits that he allegedly earned under the First Step Act, 18 U.S.C. § 3632(d)(4)(A), also known as FSA Time Credits. (Dkt. #1.) Specifically, petitioner contends that he has been wrongfully denied FSA Time Credits for programming he claims that he completed at the Clay County Jail after he was sentenced in 2023, but before he reached his designated prison facility to begin serving that sentence.[2] (Dkt. #1, at 10.)

## OPINION

A federal prisoner may seek a writ of habeas corpus under 28 U.S.C. § 2241 to

---

[2] Petitioner also contends that his FSA Time Credits should be calculated from the time he was sentenced and that the regulation providing that time-earning eligibility did not commence until a prisoner reached his designated prison facility, 28 C.F.R. § 523.42(a), is invalid. (Dkt. #1, at 3.) The court notes that the BOP recently revised this regulation to eliminate the language challenged by petitioner and the revision went into effect on September 30, 2026. *See FSA Time Credits – Revisions*, 91 Fed. Reg. 55,740, 55,743 (Aug. 31, 2026). Documentation provided by petitioner confirms that the BOP is already calculating his FSA Time Credits from the date his sentence commenced on September 12, 2023. (Dkt. #4-3, at 1.) Thus, petitioner's challenge to the validity of the former version of 28 C.F.R. § 523.42(a) is moot and will not be addressed further.

challenge the execution of his sentence. *Valona v. United States*, 138 F.3d 693, 694 (7th Cir. 1998) (stating that a motion seeking relief concerning the execution of a sentence, but not the validity of a conviction, falls under § 2241). To prevail, a prisoner must show that he is in custody in violation of the Constitution or laws of the United States. 28 U.S.C. § 2241(c)(3). The petitioner bears the burden of proving, by a preponderance of the evidence, that he is entitled to relief. *Arizmendi v. Noem*, 812 F. Supp. 3d 819, 825 (N.D. Ill. 2025); *see also Espinoza v. Sabol*, 558 F.3d 83, 89 (1st Cir. 2009) ("The burden of proof of showing deprivation of rights leading to unlawful detention [under § 2241] is on the petitioner."). Petitioner does not carry that burden here.

**A. Eligibility For FSA Time Credits**

The First Step Act provides eligible inmates the opportunity to earn time credits, which apply towards placement in prerelease custody or early transfer to supervised release through successful participation in "evidence-based recidivism reduction [("EBRR")] programs or productive activities [("PAs")][.]" 18 U.S.C. § 3632(d)(4)(C). To determine a federal prisoner's programming needs for purposes of earning FSA Time Credits, the BOP must conduct a "risk and needs assessment" referred to as the Prisoner Assessment Tool Targeting Estimated Risk and Needs ("PATTERN"), which serves to assess and determine:

> 1) the recidivism risk of each prisoner as part of the intake process, and classify each prisoner as having minimum, low, medium, or high risk for recidivism;
>
> 2) to the extent practicable, the risk of violent or serious misconduct of each prisoner; [and]
>
> 3) the type and amount of evidence-based recidivism reduction programming that is appropriate for each prisoner and assign each

> prisoner to such programming accordingly, and based on the prisoner's specific criminogenic needs . . . .

18 U.S.C. § 3632(a)(1)-(3). Once a PATTERN assessment is completed, the First Step Act requires the BOP to ensure that prisoners have the opportunity to earn FSA Time Credits by "actively participat[ing]" in EBRR programs and PAs "throughout their entire term of incarceration." *Id.* at § 3621(h)6). Thus, an eligible inmate can begin earning FSA Time Credits as soon as "the inmate's term of imprisonment commences." *FSA Time Credits – Revisions*, 91 Fed. Reg. 55,740, 55,743 (Aug. 31, 2026) (codified as amended at 28 C.F.R. § 523.429(a)(2026)). Regardless, while all inmates are eligible to earn FSA Time Credits, inmates who have been convicted of a disqualifying offense or are under a final order of removal from immigration officials are not eligible to have those credits apply towards early release from imprisonment. *Id.* at 3632(d)(4)(D).

**B. Petitioner's Claim**

After petitioner was sentenced on September 12, 2023, he was found eligible to earn FTCs on February 6, 2024, while at the minimum-security Federal Prison Camp in Montgomery, Alabama ("FPC-Montgomery"). (FSA Recidivism Risk Assessment dated Feb. 6, 2024 (dkt. #1-4) at 1; Inmate History Quarters, Attachment B to Palmer Decl. (dkt. #20-2) at 2.) Petitioner was confined at FPC-Montgomery for several months before being transferred to his designated prison facility at the Federal Correctional Institution in Oxford, Wisconsin ("FCI-Oxford"). During his confinement at FPC-Montgomery, petitioner was transferred to the Clay County Jail several times for disciplinary reasons. Specifically, petitioner was transferred to Clay County Jail the following dates:

- April 19, 2024, through May 17, 2024

- May 26, 2024, through July 12, 2024
- September 19, 2024, through December 23, 2024

(Inmate History Quarters, Attachment B to Palmer Decl. (dkt. #20-2) at 2.) Petitioner claims that he has been wrongly denied FSA Time Credits for programming he completed while he was at Clay County Jail. (Dkt. #1, at 6, 8.)

Respondent argues that petitioner is not entitled to relief for two reasons. First, respondent argues that petitioner cannot show that he "successfully participated" in any BOP-sanctioned EBRR programs or PAs while at the Clay County Jail because the programming offered at that facility was not approved under the BOP's *First Step Act Approved Programs Guide*.[3] (Dkt. #19, at 6; Palmer Decl. (dkt. #20) ¶ 23.) As relevant here, BOP regulations provide that "'[s]uccessful participation' requires a determination by Bureau staff that an eligible inmate has participated in the EBRR programs or PAs that the Bureau has recommended based on the inmate's individualized risk and needs assessment, and has complied with the requirements of each particular EBRR Program or PA." 28 C.F.R. § 523.41(c)(2). Petitioner presents no evidence documenting his completion of a particular program or activity while confined at Clay County Jail that was approved by the BOP for purposes of earning FSA Time Credits. By contrast, available records show that petitioner was not actively participating in *any* programming during the time he was assigned to Clay County Jail. (*Individualized Needs Plan - Program Review* (dkt. #13-1) at 1.)

[3] Available on the BOP's public website at: https://www.bop.gov/inmates/fsa/docs/fsa-approved-program-guides-en.pdf (last accessed Nov. 5, 2026).

Absent evidence of successful participation in a BOP-approved EBRR program or PA, petitioner fails to show he has been denied FSA Time Credits for the time he spent at Clay County Jail. *See White v. Warden of FCI-Cumberland*, 164 F.4th 326, 331 (4th Cir. 2026) ("The [FSA] is plain; it requires *participation* for *credits.*") (emphasis in original), *cert. denied*, 2026 WL 2976108 (Oct. 8, 2026); *Harris v. Warden, FCI-Leavenworth*, No. 25-3086, 2026 WL 1146299, at *6 (10th Cir. Apr. 28, 2026) (concluding that petitioner was not entitled to FSA Time Credits or habeas relief because he provided "*no* evidence of his engagement in qualifying programming (*e.g.*, program descriptions, registration forms, transcripts, course materials, certificates of completion, or other documents showing any activity's start/end dates, amount of credit offered, or BOP-approval status)"); *Hogan v. Rodriguez*, No. 25-cv-50315, 2026 WL 3032109, at *3 (5th Cir. Oct. 9, 2026) (concluding that petitioner was not entitled to FSA Time Credits for the period between his sentencing and arrival at his designated prison facility because records showed he did not participate in any qualified programming).

Second, respondent explains that petitioner was transferred to Clay County Jail because he required disciplinary segregation in a Special Housing Unit, which FPC-Montgomery does not have on site. (Dkt. #19, at 6-7; Palmer Decl. (dkt. #20) ¶ 13.) According to BOP regulations, an inmate who is eligible to earn First Step Act Time Credits "will generally *not* be considered to be 'successfully participating' in EBRR Programs or PAs in situations including . . . Placement in a Special Housing Unit[.]" 28 C.F.R. § 523.41(c)(4)(i) (emphasis added). Thus, even if petitioner *had* completed a qualified program while at Clay County Jail, he was disqualified from earning FSA Time Credits

while housed there. *See Pelullo v. FCC Coleman-Low*, No. 5:23-cv-189, 2024 WL 3771691, at *4 (M.D. Fla. Aug. 13, 2024) (noting that the BOP properly disallowed time credits earned while the petitioner was placed in a Special Housing Unit pursuant to 28 C.F.R. § 523.41(c)(4)(i)).

The record confirms that petitioner was not in "qualifying status" for purposes of earning FSA Time Credits while at Clay County Jail because he was in "disciplinary segregation." (FSA Time Credit Assessment, Attachment C to Palmer Decl. (dkt. #20-3) at 2-4.) For this additional reason, petitioner does not show that he was wrongfully denied FSA Time Credits between the time he was sentenced and his arrival at FCI-Oxford, including the time he spent at Clay County Jail. Accordingly, the petition will be denied, and this case will be dismissed, because petitioner is not entitled to relief.

## ORDER

IT IS ORDERED that:

1) The federal habeas corpus petition filed under 28 U.S.C. § 2241 by petitioner Rufus Williams (dkt. #1) is DENIED and this case is DISMISSED WITH PREJUDICE.

2) The clerk of court is directed to enter judgment and close this case.

Entered this 9th day of November, 2026.

BY THE COURT:

/s/

____________________________
WILLIAM M. CONLEY
District Judge